IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| GREAT NEW HAMPSHIRE RESTAURANTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOORDASH, INC., <br><br> Defendant. | **Case No.** |

## COMPLAINT

The plaintiff Great New Hampshire Restaurants, LLC ("Plaintiff" or "GNHR"), by its undersigned attorneys Rath, Young, and Pignatelli P.C., for its complaint against the defendant Doordash, Inc. ("Doordash" or "Defendant") alleges as follows:

### NATURE OF CASE

1. This is an action of willful trademark infringement, unfair competition, injury to business reputation, and false and deceptive business practices, all in violation of the laws of the United States and the state of New Hampshire. Plaintiff seeks a permanent injunction, damages, including the profits of Doordash, trebled under the law, punitive damages, and related relief as more fully described herein.

### THE PARTIES

2. Plaintiff is a limited liability company operating under the laws of New Hampshire having its principal place of 12 Aspen Lane, Bedford, New Hampshire 03031.

3. Upon information and belief, Doordash is a California company with a principle place of business at 470 Olive Avenue, Palo Alto, California.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, sections 1332(a), 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. § 1338(a) and § 1338(b). This Court has subject matter jurisdiction over the non-federal claims asserted herein pursuant to section 1367 of the Judicial Code, 28 U.S.C. § 1367(a), which provides supplemental jurisdiction.

5. Personal jurisdiction over Doordash is proper because Doordash is conducting business in this judicial district and committing torts in this state, including without limitation Doordash's trademark infringement, unfair competition, and deceptive trade practices, which cause harm in this state and in this judicial district.

6. Venue properly lies in the judicial district under sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (d), because a substantial portion of the events at issue have arisen and/or will arise in this judicial district and because this Court has personal jurisdiction over Doordash. In a trademark infringement lawsuit, a substantial part of the events giving rise to the claim occurs in any district in which consumers are likely to be confused by the infringing goods or services, whether that occurs in one district or many districts.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.  Plaintiff's Business and Trademarks**

7. GNHR operates a number of popular restaurants in New Hampshire under the following trademarks: COPPER DOOR®, CHEF NICOLE'S® (the "Registered GNHR Marks"), CJ'S™, T-BONES™, and CACTUS JACK'S™ (the "Unregistered GNHR Marks" and

together with the Registered GNHR Marks, collectively, the "GNHR Marks").

8. GNHR has been using the GNHR Marks continuously for many years in connection with restaurant services and has invested considerable time, money and other resources in connection with the sale and advertising of its restaurant services in connection with the GNHR Marks.

9. The GNHR Marks each serve as unique signifiers of the quality, reputation and goodwill of GNHR in the marketplace.

10. Plaintiff uses its GNHR Marks by displaying them on menus, signage, promotional materials, advertising materials, and websites.

11. Over the years, Plaintiff has invested millions of dollars in the promotion and advertising of goods and services sold under the GNHR Marks in New Hampshire and its surrounding states to create a strong association between Plaintiff's products and services, its goodwill among consumers and the GNHR Marks.

12. The care and skill exercised by Plaintiff in conducting its business has resulted in the high quality of the products and services offered under its GNHR Marks.

13. As a result of the extensive advertising, sale and promotion of Plaintiff's products and services, its GNHR Marks have acquired secondary meaning throughout the area whereby the GNHR Marks are widely recognized by the general consuming public in New Hampshire and its surrounding states as signifying Plaintiff as the unique source of the goods and services sold in connection with the GNHR Marks.

14. The GNHR Marks are strong and warrant broad protection in both related and unrelated product and/or service classes.

### B.     Doordash's Infringing Conduct

15.    Upon information and belief, Doordash is a food delivery business that promises its customers speedy delivery from different restaurants located throughout New Hampshire and surrounding states, including GNHR restaurants.

16.    GNHR is in no way affiliated with Doordash but, upon information and belief, Doordash causes customers to falsely believe that Doordash has a relationship with GNHR because the GNHR menus and the GNHR Marks appear on Doordash's website and app.

17.    In addition, Doordash represents on its website its states "Be a Partner Restaurant," thus implying that every restaurant listed on its website, GNHR included, is a "partner restaurant."

18.    Upon information and belief, GNHR customers see GNHR marks and menus at the Doordash website or app and then provide a debit or credit card to Doordash for payment of GNHR goods and services.

19.    Upon information and belief, customers pay Doordash directly for GNHR's products and services whereupon Doordash then orders the same products and services from GNHR and pays GNHR when it picks up the food for delivery to customers.  However, upon information and belief, the GNHR menus used by Doordash do not always match the menus currently in use at GNHR.

20.    Upon information and belief, Doordash does not notify GNHR when delivery drivers employed by Doordash order food from GHNR restaurants. They do not to use the name "Doordash" when picking up orders from GNHR.

21.    Upon information and belief, Doordash's use of the GNHR Marks has and is

likely to continue to confuse and mislead consumers into believing that Doordash's services are sponsored by, licensed from or otherwise affiliated with GNHR and Doordash's products and services adhere to the high standards expected from GNHR.

22. Upon information and belief, Doordash's products and services do not adhere to the high standards expected from GNHR, putting GNHR at risk for claims by customers relating to the quality of its food products.

23. GNHR cannot control how Doordash cares for its food products during the delivery process by Doordash. It has no control over the time Doordash spends to make a delivery nor whether Doordash regularly complies with the applicable health and sanitary codes.

24. Doordash places GNHR at risk for customer complaints, which would substantially damage GNHR's business reputation, and would result in irreparable damages and financial loss.

25. Indeed, as a result of Doordash's use of the certain GNHR Marks, the T-BONES® and CJ'S® marks most recently, GNHR has received a number of customer complaints regarding Doordash's services under the mistaken belief the GNHR is responsible for the poor service provided by Doordash.

26. Accordingly, GNHR has on more than one occasion asked Doordash to remove GNHR restaurants from Doordash's website and app.

27. While representatives at Doordash represented that Doordash would cease advertising on its website that it delivered from GNHR restaurants, the problem has been recurring.

28. Upon information and belief, Doordash's use of the GNHR Marks is intentionally and willfully meant to confuse and mislead consumers as to Doordash's affiliation with GNHR

restaurants.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### (violation of 15 U.S.C. §1114)

29. GNHR incorporates the above paragraphs of the complaint as if separately set forth herein.

30. The Registered GNHR Marks, which are registered with the United States Patent and Trademark Office, are valid and enforceable trademarks exclusively own and continuously used by GNHR.

31. Long after GNHR's first use of the Registered GNHR Marks, Doordash began use of the Registered GNHR Marks in connection with the advertising and promotion of Doordash's restaurant services.

32. GNHR did not authorize Doordash to use the Registered GNHR Marks in connection with the advertising and promotion of Doordash's restaurant services.

33. Upon information and belief, Doordash's unauthorized use of the Registered GNHR Marks will likely cause confusion, mistake, or deception in the relevant consumer market unless Doordash is permanently enjoined.

34. Upon information and belief, Doordash's unauthorized use of the Registered Marks constitutes Trademark Infringement is in violation of 15 U.S.C. §§1114 and 1117.

35. Doordash has acted in bad faith in willfully using the Registered Marks in connection with restaurant services business.

36. Doordash's infringing acts have caused and will continue to cause GNHR to suffer irreparable injuries to its reputation and goodwill. Plaintiff does not have an adequate remedy at law to recover for this harm and is therefore entitled to injunctive relief.

## COUNT II
## FEDERAL UNFAIR COMPETITION
### (violation of 15 U.S.C. §1125(a))

37. GNHR incorporates the above paragraphs of the complaint as if separately set forth herein.

38. Upon information and belief, Doordash's unauthorized use of the Unregistered GNHR Marks in connection with its food delivery services constitutes a false designation of origin, a false or misleading description of fact, and/or false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to the affiliation, connection or association of GNHR with Doordash, the origin, sponsorship or approval of Doordash's use of the Unregistered GNHR Marks, and the nature, characteristics, or qualities of services offered by Doordash.

39. Doordash's conduct as alleged herein constitutes unfair competition and false designation of origin in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Doordash's violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) is willful and done in bad faith.

41. GNHR has no adequate remedy at law. If Doordash is not enjoined from further use of the Unregistered GNHR Marks, GNHR will suffer substantial and irreparable injury to its business reputation and the goodwill associated with the Unregistered GNHR Marks.

## COUNT III
## DECEPTIVE TRADE PRACTICES
### (violation of RSA 358-A)

42. GNHR incorporates the above paragraphs of the complaint as if separately set forth herein.

43. Doordash's actions in passing off their services for GNHR's services through the

use of deception constitutes an unfair and deceptive trade practice as defined in RSA 358-A:2, I-III, V.

44. Doordash's actions intentionally misinforms consumer in the New Hampshire marketplace.

45. Such actions are, in addition, sufficiently rascalous to constitute unfair and deceptive acts, notwithstanding the categories in RSA 358-A:2.

46. Doordash's deceptive actions are willful and knowing.

47. Pursuant to RSA 358-A:10, GNHR is entitled to injunctive relief and to the amount of actual damages. Doordash's actions under this statute were willful allowing for Plaintiff to receive up to 3 times, but not less than 2 times, the amount of actual damages and recovery of costs and attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for the following relief.

A. For judgment that:

1. Doordash has engaged in infringement in violation of 15 U.S.C. 1114;
2. Doordash has engaged in unfair competition in violation of 15 U.S.C. 1125(a); and
3. Doordash has engaged in deception trade practices in violation of RSA 358-A.

B. For a permanent injunction enjoining Doordash, and any successors or assigns, and its principals, officers, partners, agents, subcontractors, servants, employees, attorneys, affiliates, licensees, subsidiaries and related companies or entities, and all others acting in active concert or participation with it who receive actual notice of the Court's order by personal service or otherwise, from:

1. Using the GNHR Marks, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the GNHR Marks in or as part of a design, logo, domain name, or trademark; using any such mark in connection

with the promotion, advertisement, sale, offering for sale, manufacture, production, or distribution of any business, product, or service; and from using any such mark on or as feature of any product;

2. Passing off, inducing, or enabling others to pass off, sell, offer, distribute, disseminate, or otherwise provide any product that bears the GNHR Marks, or any mark that is a simulation, reproduction, copy, colorable imitation, or confusingly similar variation thereof; and

3. Otherwise competing unfairly with GNHR in any manner.

C. For an order that: 1) Defendant account for and pay over to GNHR the amount of any profits realized by Doordash by reason of Defendant's unlawful and willful acts as alleged herein; 2) GNHR be awarded actual damages suffered by reason of Doordash's unlawful and willful acts as alleged herein, including profits realized by Doordash, to be increased by a sum equal to three times the amount thereof as provided by law; 3) GNHR be awarded interest, including prejudgment interest, on all damages sums; 4) GNHR be awarded its costs and reasonable attorney's fees and have such other and further relief as the Court may deem equitable, including, but not limited to, any relief set forth under 15 U.S.C. §§ 1116-1118; and GNHR be awarded actual and punitive damages as provided for under applicable federal and state law.

D. For an order directing, the destruction of all packaging and any printed material, including advertising materials and point-of-sale displays, bearing the GNHR Marks in Defendant's possession or control; and publicly acknowledging the wrongful activities alleged herein.

E. For an order directing Doordash to file with the Court and serve upon GNHR within thirty (30) days after service of the injunction upon Doordash, a report in writing and under oath setting forth in detail the manner and form in which Doordash has complied with the injunction.

F. For such other and further relief as the Court shall deem appropriate.

## JURY DEMAND

GNHR hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 24, 2020

                                                Respectfully submitted,

                                                By: */s/ R. Terry Parker*
                                                RATH, YOUNG AND PIGNATELLI P.C.
                                                R. Terry Parker, Esq.
                                                One Capital Plaza
                                                Concord, New Hampshire
                                                Tel.: (603) 226-2600
                                                Email: rtp@rathlaw.com

                                                *Attorneys for Plaintiff*
                                                *Great New Hampshire Restaurants, Inc.*